IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT O. STEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>PACIFIC BELL, et al.,<br><br>    Defendants.<br>_____ / | No. C 00-2915 SI<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS** |

Defendants' motion for review of the Clerk's taxation of costs is scheduled for a hearing on August 3, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing.

**DISCUSSION**

Defendants seek review of the Clerk's denial of defendants' bill of costs. Defendants seek to tax $56,943.18 against plaintiffs; all of the costs were incurred prior to the Court's entry of judgment on April 19, 2004. Defendants acknowledge that they did not seek recovery of these costs after entry of the April 19, 2004 judgment. Defendants argue, however, that they are entitled to seek these costs now because the costs at issue are related to plaintiffs' Telecommunications Act claims, which the Ninth Circuit remanded to this Court in 2006 and which are the subject of the Court's March 19, 2007 judgment.

The Court agrees with plaintiffs that defendants waived their right to seek costs which pre-date the April 19, 2004 judgment. Civil Local Rule 54-1(a) requires a prevailing party to file a bill of costs

1  "[n]o later than 14 days after entry of judgment or order under which costs may be claimed." Civ. L.
2  R. 54-1(a). The rule also states that "[a]ny party who fails to file a bill of costs within the time period
3  provided by this rule will be deemed to have waived costs." *Id*. 54-1(c). Under these rules, defendants
4  were required to seek all taxable costs incurred prior to the April 19, 2004 judgment within 14 days of
5  the entry of that judgment.

6  Defendants contend that plaintiffs' appeal of the April 19, 2004 judgment and the subsequent
7  litigation on remand somehow revived defendants' ability to seek the costs at issue. However,
8  defendants do not cite any authority for this proposition, and the time limitations imposed by the rules
9  suggest otherwise. A party must file a bill of costs within 14 days of the entry of judgment, while a
10 notice of appeal may be filed within 30 days of entry of judgment. Because a bill of costs must be filed
11 before the deadline for filing a notice of appeal, it cannot be that the filing of a notice of appeal and
12 subsequent appellate (or district court) proceedings retroactively toll the bill of costs deadline.

13 Accordingly, the Court DENIES defendants' motion. (Docket No. 443).

15 **IT IS SO ORDERED.**

17 Dated: August 1, 2007

SUSAN ILLSTON
United States District Judge